█ ROBERT B. SPANG, Respondent, v. JACK STROMWASSER, Appellant.— Appeal from an order of the County Court of Rensselaer County at Trial Term, entered November 6, 1972, which dismissed, with prejudice and on the merits, the defendant's counterclaim, and from the judgment entered thereon on August 8, 1973. The complaint sought to foreclose a mechanic's lien in the amount of $691.50 filed on January 8, 1968. The lien arose out of a contract to construct a foundation and pour the cellar floor for two buildings being constructed by defendant. The counterclaim alleged that the work was performed in a poor, defective and unworkmanlike manner in that the foundations contained large cracks and faults and that the floors were also defective. The action was commenced on or about June 10, 1968, and a notice of issue was filed on April 6, 1970. Trial of the action was adjourned on three occasions, two at the request of defendant who was suffering from a cardiac ailment. On September 20, 1972, the court scheduled the case for trial on September 27, 1972 even though the court was then informed that defendant was vacationing in Europe and had no address where he could be reached. On September 27, 1972, defendant's counsel again advised the court that defendant could not be reached, and again sought an adjournment. The court, nevertheless, directed the case to proceed to trial and, when defendant did not appear to establish his counterclaim, dismissed it and, after an inquest, determined that plaintiff had not established his lien, but

---

there was sufficient evidence to show a contract, and granted judgment in the amount of $691.50. This judgment has apparently not been entered in the office of the Clerk of the County of Rensselaer. Defendant now contends that the court should have granted him an adjournment so he could try his counterclaim. We agree. There is no evidence that defendant willfully absented himself from the jurisdiction of the court to avoid trial or with knowledge that the case was scheduled to be tried. At the inquest, the plaintiff admitted that defendant had complained of the condition of the foundation walls and the floors, and that plaintiff had refused to rectify the situation. It thus appears that there may be merit in the counterclaim. In view of the absence of defendant, whose testimony was material and necessary, and the fact that his absence was not willful and reported to be only for a matter of two weeks, he was entitled to an adjournment of the trial, and it was an improvident exercise of discretion to direct that an inquest be taken and order dismissal of the counterclaim. Order and judgment reversed, on the law and the facts, without costs, and action restored to the Trial Calendar of the County Court of Rensselaer County. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.